IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

SEPTEMBER 1997 SESSION



**FILED**

**December 4, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| CHARLES AUSTIN, | ) | |
| | ) | |
| APPELLANT, | ) | |
| | ) | No. 02-C-01-9611-CR-00386 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Joseph B. Brown, Jr., Judge |
| | ) | |
| | ) | (Post-Conviction Relief) |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |

FOR THE APPELLANT:

Craig B. Floyd, II
Attorney at Law
100 North Main Bldg., Suite 2400
Memphis, TN 38103

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Clinton J. Morgan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

John W. Campbell
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Charles Austin (petitioner),[1] appeals as of right from a judgment of the trial court denying his action for post-conviction relief following an evidentiary hearing. While the petitioner presents two issues for review, the gist of these issues is that the petitioner was denied his constitutional right to the effective assistance of counsel.

The evidence adduced during the hearing conflicts as to every material fact, and these conflicts cannot be reconciled. The petitioner testified he entered pleas of guilty pursuant to a plea agreement because he was afraid he would receive a death sentence if he went to trial. He further testified his retained counsel coerced him to plead guilty. The submission hearing reveals the assistant district attorney general advised the trial court the state did not have grounds to seek a death sentence due to recent decisions of the Supreme Court. The petitioner's trial counsel testified that the state never gave notice or indicated it would seek a death sentence; and he emphatically denied he told the petitioner he could receive a death sentence if he went to trial. Furthermore, defense counsel stated the decision regarding whether the petitioner should enter guilty pleas was made by the petitioner and his mother.

Counsel's main concern was the imposition of consecutive sentencing. An assistant district attorney general told counsel the petitioner could enter pleas of guilty and the state would recommend the sentences be served concurrently. However, if the petitioner went to trial, the assistant district attorney general asserted the state would make every effort to have the trial court order that the sentences be served consecutively.

When questioned about the proceedings during the submission hearing, the petitioner stated he was there physically but not mentally; and he committed perjury during the hearing. He claimed he gave the answers his attorney suggested.

The trial court found the petitioner failed to prove the grounds alleged in the petition by a preponderance of the evidence. Given the preposterous answers he gave during his testimony, it is doubtful the trial court believed him or a former co-defendant who testified

---

[1]The petitioner was indicted as "Charles E. Austin," "Charles Edward Austin," and "Charles Austin." He initiated this action as "Charles Austin." All of these names refer to the same person.

in support of the petitioner's theory of how the murder occurred.

After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the petitioner has failed to establish the evidence preponderates against the judgment of the trial court. Thus, the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JOE G. RILEY, JUDGE